LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Plaintiff*
*Biosuccess Biotech Co. Ltd.*

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOSUCCESS BIOTECH CO., LTD., | Case No.: 2:14-CV-00310-JAK (ANx) |
| Plaintiff, | OPPOSITION OF PLAINTIFF BIOSUCCESS CO., LTD. TO DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| v. | |
| RICH PHARMACEUTICALS, INC.; IMAGIC, LLC, RICHARD CHANG HOLDINGS, LLC; BEN CHANG; and DOES 1 through 10, | Judge:   Hon. John Kronstadt<br>Place:   Courtroom 750, 7th Floor<br>Date:    May 12, 2014<br>Time:    8:30 a.m. |
| Defendants. | |

**TABLE OF CONTENTS**

Introduction ..........................................................................................................1

Legal Standards ...................................................................................................1

Argument .............................................................................................................3

    I.    Defendants' Motion Should Be Denied for Failure to Meet and Confer as Required By Local Rule 7-3. .......................................................3

    II.    Plaintiff Has Sufficiently Pled a Claim for Patent Infringement. ...........4

    III.    Plaintiff Has Sufficiently Pled a Claim for Copyright Infringement. ......6

        A.    A registered copyright is not required to state a claim for copyright infringement. ..............................................................................6

        B.    The Complaint adequately alleges virtually identical copying by Defendants............................................................................................6

    IV.    Plaintiff Has Sufficiently Pled a Claim for Trade Secret Misappropriation. ...................................................................................8

    V.    Plaintiff's Common Law Claims Are Not Preempted............................9

        A.    Plaintiff's common law claims are not based on upon misappropriation of a trade secret..................................................9

        B.    It is premature for the Court to dismiss these claims on the basis of preemption...............................................................................11

        C.    Biosuccess may plead inconsistent claims...................................12

        D.    Defendants' preemption argument contradicts their argument that the trade secret claim is insufficient..............................................13

    VI.    Plaintiff's "Deletion" Claims Are Properly Pled. ................................13

        A.    Plaintiff's claim for unlawful destruction of computer data is adequately pled............................................................................13

        B.    Plaintiff's claim for trespass to chattels is adequately pled...........14

Leave to Amend Should Be Granted If Necessary.............................................15

Conclusion.........................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Amron Int'l Diving Supply, Inc. v. Hyrdolinx Diving Commc'n, Inc.*, 2011 WL 5025178 (S.D. Cal. Oct. 21, 2011) .................................. 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 2

*Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ............................................... 3

*E.W. Sounds, Inc. v. Phoenix*, 2012 WL 4003047 (C.D. Cal., Sept. 10, 2012) .................................................................................................. 8

*eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000) ........................................................................................................ 17

*Erickson v. Pardus*, 551 U.S. 89 (2007) ............................................................ 2

*Feist Publ'n, Inc., v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ...................... 9

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929 (N.D. Cal. 2008) ..................................................... 11

*Frybarger v. Int'l Bus. Machs. Corp.*, 812 F.2d 525 (9th Cir. 1987) ............................................................................................................ 10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) ........................... 3

*In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012) ................................... 6, 7

*In Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734 (N.D. Cal. July 6, 2006) ............................................................................................. 15

*Jason v. Fonda*, 526 F. Supp. 774 (C.D. Cal. 1981), *aff'd*, 698 F.2d 966 (9th Cir. 1982) ............................................................................. 8

*K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal App. 4th 939 (2009) ............................................................. 11, 15

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ............................................... 18

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ...................... 2

*Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002) ........................................... 9

*Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038 (9th Cir. 2008) ..................................................................................................3

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006) ......................................................................................1

*Phoenix Techs. Ltd. v. DeviceVM*, 2009 WL 4723400 (N.D. Cal. Dec. 8, 2009) ........................................................................................14

*Roberts v. N. Am. Van Lines*, 394 F. Supp. 2d 1174 (N.D. Cal. 2004) .............................................................................................................3

*Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990) ..........................................10

*Singer v. Live Nation Worldwide, Inc.*, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) ...................................................................................5

*SunPower Corp. v. SolarCity Corp.*, 2010 WL 6160472 (N.D. Cal. Dec. 11, 2012) ..................................................................................12

*Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 902337 (N.D. Cal. Apr. 1, 2009) ................................................................. 14, 16

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) ................8, 9

*Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559 (1996) ...........................13

*Valdovinos v. County of Los Angeles*, 2008 WL 2872648 (C.D. Cal. July 23, 2008) ....................................................................................5

*Weingand v. Harland Financial Solutions, Inc.*, 2012 WL 2327660 (N.D. Cal. June 19, 2012) .........................................................17

**Statutes**

17 U.S.C. § 411(a) ...............................................................................................6

Cal. Civ. Code § 3426.1(b) .................................................................................8

Cal. Civ. Code § 3426.1(d) .................................................................................9

**Other Authorities**

Civ. L.R. 7-3 ...................................................................................................3, 4

Fed. R. Civ. P. 8 .....................................................................................1, 2, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Biosuccess Biotech Co., Ltd. ("Biosuccess") is a pharmaceutical research and development company that is working on a promising method for treating serious conditions such as leukemia, HIV/AIDS, and stroke. Biosuccess has spent nearly a decade conducting medical research and development, painstakingly gathering data and other confidential information as the result of investing—and risking—valuable time and resources.

Defendant Ben Chang and his father have taken Biosuccess's valuable intellectual property and given it to their competing entity, defendant Rich Pharmaceuticals. Biosuccess filed this action to hold Defendants accountable for their unlawful actions that threaten to destroy not only Biosuccess's business, but the medical progress it has made over the years. Defendants move to dismiss in part based on the bold premise that this suit is "premature" because they do not yet have FDA-approved products available on the market.

Unsurprisingly, the law is to the contrary. All of Biosuccess's claims are ripe—Defendants have breached duties to Biosuccess, infringed and misappropriated its hard-won intellectual property, and destroyed its valuable data. As detailed below, each of Biosuccess's claims for relief is adequately pled and Defendants' Motion to Dismiss (Dkt. No. 30, "Motion") should be denied in its entirety.

## LEGAL STANDARDS

A pleading should set forth a "short and plain statement" of the claim asserted. Fed. R. Civ. P. 8; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (stating that the Federal Rules replaced a system in which the issues had to be conclusively defined at

the outset of litigation through the pleadings with a system that relied on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information became available); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007) (holding that the Supreme Court's decision in *Twombly* did not change the pleading requirements of Federal Rule of Civil Procedure 8 in actions for patent infringement).

Since the crux of Rule 8 is to provide a party fair notice of the claim against which it must defend, excessive detail is not required to properly state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is well-pled so long as the complainant has provided the defendant "*fair notice* of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted) (emphasis added); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[s]pecific facts are not necessary . . . ."); *Iqbal*, 556 U.S. at 680 (stating that factual allegations need only move a claim "across the line from conceivable to plausible."). "Rule 12(b)(6) motions are viewed with disfavor." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997)).

"Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.* at 1028 (internal citation omitted). On a motion to dismiss, the court should accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).

Further, in reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan*, 108 F.3d at 249. Thus, the Court's task is merely to assess the legal feasibility of the complaint, not to assess the weight of the evidence which might be offered in support thereof.

1 *Roberts v. N. Am. Van Lines*, 394 F. Supp. 2d 1174, 1178 (N.D. Cal. 2004).

2 **ARGUMENT**

3 **I.    Defendants' Motion Should Be Denied for Failure to
4           Meet and Confer as Required By Local Rule 7-3.**

5 Defendants' Motion is procedurally defective and should be denied outright for failure to comply with both the letter and spirit of Civil Local Rule 7-3, which requires that a movant meet and confer in good faith with opposing counsel at least seven (7) days prior to filing its motion. Rule 7-3 obligated Defendants to make a reasonable effort to contact opposing counsel, which they failed to do. This is readily corroborated by their omission of the required language set forth in the Local Rule regarding conferences of counsel: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." Civ. L.R. 7-3.

Instead, Defendants claim that they "attempted to meet and confer with counsel for Plaintiff" and "offered to stipulate to the filing of an amended complaint within the next 20 days." Liang Declaration ISO Opposition ("Liang Decl."), ¶ 2 & Exh. A. What Defendants neglect to mention is that their "attempt" to meet and confer occurred *fewer than seven hours before* they filed this Motion. Liang Decl., ¶ 2 & Exhs. A & B. This conduct is particularly egregious in light of the fact that Biosuccess had previously granted Defendants *two* extensions to respond to the Complaint and even agreed to withdraw its Motion for Default Judgment against Defendant Rich Pharmaceuticals. Liang Decl., ¶¶ 3-4 & Exhs. C & D. Defendants should not have waited until the last minute to request a meet and confer and can provide no excuse for their delay.

Moreover, this is now *at least the third time* that counsel for Defendants, Jack Russo, has failed to follow Local Rules. Mr. Russo represents Plaintiff Richard Chang in related Case No. 2:13-cv-1340-JAK,

brought by Richard Chang against Biosuccess (the "R. Chang Case"). In that case, (1) Mr. Russo violated Local Rules 7 and 37 by filing a defective "motion to compel" that lacked the meet/confer certification and was not even in the form of a joint stipulation; after Biosuccess counsel pointed this out and threatened sanctions, Mr. Russo withdrew the motion (*see* Liang Decl. ¶ 5 & Exh. E); (2) next, Mr. Russo violated Local Rules 7 and 56 by filing a defective summary judgment motion that lacked the meet/confer certification and failed to submit the required "Statement of Uncontroverted Facts and Conclusions of Law"; counsel for Biosuccess pointed this out to Mr. Russo, but Mr. Russo proceeded to file this procedurally defective Motion anyway (*see* Liang Decl., ¶ 6 & Exh. F).

Defendants' Motion should therefore be denied as procedurally defective for failing to comply with Civil L.R. 7-3. *See Singer v. Live Nation Worldwide, Inc*., 2012 WL 123146, *1-2 (C.D. Cal. Jan. 13, 2012) (denying motion for violation of Civ. L.R. 7-3 where party sent letter a "mere three days" before motion was filed; holding that "conversations about the merits of [ ] claims" "do not equate with discussions regarding a contemplated motion"); *Valdovinos v. County of Los Angeles*, 2008 WL 2872648, *1-2 (C.D. Cal. July 23, 2008) (denying motions for failure to comply with Civ. L.R. 7-3).

**II. Plaintiff Has Sufficiently Pled a Claim for Patent Infringement.**

Defendants do not appear to challenge Biosuccess's claim for direct patent infringement. A claim for patent infringement requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the composition or product] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement;

and (5) a demand for an injunction and damages." *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012) (holding that allegations that meet the requirements of model "Complaint for Patent Infringement" Form 18 satisfied pleading requirements). Biosuccess has indeed met the requirements required for direct patent infringement. Complaint, ¶ 10 (jurisdiction); ¶¶ 33, 44 (ownership in the patent), ¶ 45 (infringement); ¶ 47 (notice of infringement); ¶¶ 51-51 (demand). Indeed, Biosuccess's patent complaint tracks the Model. [*Compare* Biosuccess Complaint *with* Civil Form 18, attached as Exh. G to Liang Decl.].

Instead, Defendants take issue with Biosuccess's allegations of contributory and infringement of the '814 Patent, citing paragraphs 48-49 of the Complaint. *See* Mtn. at 4:3-11. However, Biosuccess has adequately pled both induced infringement and contributory infringement at this stage. The Federal Circuit has held that, to survive a motion to dismiss indirect infringement claims, "complaints must contain facts plausibly showing" indirect infringement, but "[t]his does not mean, however, that [plaintiff] must prove its case at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339. This plausibility requirement "is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact [s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Biosuccess has made such a showing, by alleging that Defendants have induced and contributed to the infringement of the '814 Patent by making, using, selling, offering to sell, and/or importing products to others through their website and businesses. *See* Complaint, ¶¶ 25-37, 48-49.

### III. Plaintiff Has Sufficiently Pled a Claim for Copyright Infringement.

#### A. A registered copyright is not required to state a claim for copyright infringement.

Citing 17 U.S.C. § 411(a), Defendants argue that "a valid copyright registration is an [sic] requirement for the Court to hear any claim for copyright infringement under the Copyright Act." Mtn. at 4:23-25. Defendants are wrong. The Ninth Circuit has held that the filing of a copyright application is sufficient. *Cosmetic Ideas, Inc. v. IAC/InterActiveCorp.*, 606 F.3d 612, 621-22 (9th Cir. 2010) ("We therefore hold that receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a).") As the Court explained, "[t]his interpretation ensures the broad copyright protection that the 1976 Act provided." *Id.* Additionally, it "also fully accomplishes the central purpose of registration—the compilation of a robust national register of existing copyrights—and at the same time avoids unfairness and waste of judicial resources." *Id.* (internal citations omitted).

Biosuccess has filed a copyright application covering the material asserted—namely, its website. Complaint, ¶ 28; *see* Liang Decl., Exh. H. Moreover, this application was filed on October 29, 2013, over two months before Biosuccess instituted this action. Therefore, § 411(a) does not bar Biosuccess's copyright infringement claim, which should proceed on the merits. *Cosmetic Ideas*, 606 F.3d at 622.

#### B. The Complaint adequately alleges virtually identical copying by Defendants.

To state a claim for copyright infringement, Biosuccess must allege: (1) which original works are the subject of the copyright claim; (2) that it owns the copyrights in those works; (3) that the copyrights have been registered in

1  accordance with the statute, and (4) by what acts during what time the
2  defendants infringed. *E.W. Sounds, Inc. v. Phoenix*, 2012 WL 4003047, *4
3  (C.D. Cal., Sept. 10, 2012).  To prove infringement, a plaintiff must show (1)
4  ownership of a valid copyright, and (2) that defendants copied constituent
5  elements of the protected work that are original. *Three Boys Music Corp. v.*
6  *Bolton*, 212 F.3d 477, 481 (9th Cir. 2000).

7  Because direct evidence of copying is rarely available and copying can
8  therefore be difficult to prove, a plaintiff "may establish copying by showing
9  (1) circumstantial evidence of access to the protected work, and (2)
10 substantial similarity of 'ideas' and 'expression' between the copyrighted
11 work and the allegedly infringing work." *Jason v. Fonda*, 526 F. Supp. 774,
12 776 (C.D. Cal. 1981), *aff'd*, 698 F.2d 966 (9th Cir. 1982); *see also Three*
13 *Boys Music*, 212 F.3d at 481. Biosuccess has sufficiently alleged all these
14 elements. *See* Complaint, ¶¶ 38-41 (copyrighted subject matter is the
15 website), ¶ 38 (ownership); ¶ 13 (website is copyrighted); ¶¶ 39-40,
16 53(defendants' actions).

17 Defendants argue that Biosuccess's copyrighted materials are "thin"
18 because they are factual and scientific in nature. Therefore, Defendants argue,
19 to prove infringement, Biosuccess must show that the alleged copying was
20 "virtually identical."  Mtn. at 5:4-18. However, a work is copyrightable even
21 if it is compiled entirely of uncopyrightable elements. *See, e.g. Feist Publ'n,*
22 *Inc., v. Rural Tel. Serv. Co.*, 499 U.S. 340, 362 (1991); *Metcalf v. Bochco*,
23 294 F.3d 1069, 1074 (9th Cir. 2002) (holding that particular sequence of
24 events in which an author strings a significant number of unprotectable
25 elements can itself be a protected element). Moreover, it is clear from the
26 facts alleged in the Complaint that Defendants' copying of Biosuccess's
27 website *was* virtually identical. *See* Complaint, ¶ 41. In many instances, the
28 copying was *verbatim. Id.* Defendants have created a virtually identical

1    compilation of graphics, texts, etc. for their website as that of Plaintiff's site,
2    and have done so not only by "copying" the website, but by taking the actual
3    data from Plaintiff and using it as their own.

4        In any event, the Court has no obligation to rule on the merits of
5    Biosuccess's copyright claim at this initial stage of the litigation. Substantial
6    similarity is a question of fact that courts should be hesitant to decide at even
7    the summary judgment stage and, therefore, should not be resolved on a
8    motion to dismiss. *See, e.g. Frybarger v. Int'l Bus. Machs. Corp.*, 812 F.2d
9    525, 528 (9th Cir. 1987) (stating that summary judgment is not highly
10   favored on the issue of substantial similarity); *Shaw v. Lindheim*, 919 F.2d
11   1353, 1355 (9th Cir. 1990) ("Where reasonable minds could differ on a
12   finding of substantial similarity, summary judgment is improper."). Thus, the
13   Court should not engage in an analysis of the similarity of the parties' works
14   at this stage.

## IV. Plaintiff Has Sufficiently Pled a Claim for Trade Secret Misappropriation.

17       In order to state a claim for trade secret misappropriation, Biosuccess
18   must allege: (1) the existence of a trade secret and (2) misappropriation of a
19   trade secret. Cal. Civ. Code § 3426.1(b). Biosuccess has more than met these
20   requirements. Defendants' reliance on case law requiring that the subject of
21   the trade secret be described with "sufficient particularity" is misplaced, as
22   that case concerned the sufficiency of identification of trade secrets on
23   summary judgment, *not* a motion to dismiss. Mtn. at 6:26-7:6 (citing *Mattel,*
24   *Inc. v. MGA Entm't Inc.*, 782 F. Supp. 2d 911, 989 (C.D. Cal. 2011)).

25       Biosuccess has identified its trade secrets. It alleges that Ben Chang
26   had access to "all of Biosuccess's most sensitive trade secrets, ***including***
27   ***years of research data related to PD-616 and its proprietary formulations***."
28   Complaint, ¶ 20 (emphasis added); *see also* Complaint, ¶ 63. Moreover,

1  Biosuccess has adequately stated that Defendants misappropriated these trade
2  secrets. *See* Complaint, ¶ 23 (taking of trade secrets); ¶¶ 25-37 (disclosure of
3  trade secrets). The Court should not dismiss this claim.

4  **V.    Plaintiff's Common Law Claims Are Not Preempted.**

5      **A. Plaintiff's common law claims are not based on upon
6      misappropriation of a trade secret.**

7      Defendants argue that the following causes of action are preempted by
8  that California Uniform Trade Secrets Act (CUTSA): Fourth (breach of
9  fiduciary duty), Fifth (unfair competition under Bus. & Prof. Code § 17200),
10 Sixth (common law unfair competition), Ninth (inducing breach of contract),
11 Tenth (inducing breach of fiduciary duty), Eleventh (conversion), Twelfth
12 (conspiracy), and Thirteenth (aiding and abetting). Defendants are wrong.

13     Defendants rely on *K.C. Multimedia Inc. v. Bank of Am. Tech. &*
14 *Operations, Inc.*, 171 Cal App. 4th 939, 954 (2009) for this proposition. But
15 as that case makes clear, the CUTSA does not preempt "other civil remedies
16 ***that are not based upon misappropriation of a trade secret***." *Id*. at 954
17 (quoting § 3426.7) (emphasis added). It is important to note that Biosuccess
18 alleges not only misappropriation of trade secrets, but also other confidential
19 information. *See e.g.*, Complaint, ¶ 25 (payroll information). This is a much
20 broader definition than that of a trade secret in CUTSA. *See* Cal. Civ. Code
21 § 3426.1(d).  Therefore, Biosuccess's common law claims should not be
22 dismissed. *See First Advantage Background Servs. Corp. v. Private Eyes,*
23 *Inc.*, 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008) (CUTSA does not preempt
24 where the "confidential information at the foundation of the claim is not a
25 trade secret, as that term is defined in CUTSA" because "[b]y its own
26 terms, . . . CUTSA only provides remedies for misappropriation of *trade*
27 *secrets,* not of any confidential information, and defines that term specifically.
28 *See* Cal. Civ. Code §§ 3426.1(b), (d), 3426.2, 3426.3."); *c.f. SunPower Corp.*

*v. SolarCity Corp.*, 2010 WL 6160472 (N.D. Cal. Dec. 11, 2012) (noting disagreement among courts).

Regardless, although the misappropriation of trade secrets and confidential information form part of the facts here, Defendants have engaged in several separate and independent wrongful acts. None of the eight claims at issue here are based on the same facts or theories of recovery as misappropriation:

*Claim 4—Breach of Fiduciary Duty:* The Complaint alleges that Ben Chang breached his fiduciary duties of loyalty and confidentiality as an officer of Biosuccess by undertaking a number of bad acts, including: deleting emails and computer files (¶ 22); spreading untrue and misleading statements to employees of Biosuccess's U.S. subsidiary (¶ 25); attempting to induce Dr. Han to leave Biosuccess (¶ 25); and setting up a competing business by exploiting Biosuccess's intellectual property (¶ 37). This claim is clearly not based upon misappropriation of a trade secret.

*Claims 5 and 6—Unfair Competition:* The Complaint alleges that all Defendants engaged in unlawful, unethical, or immoral acts, including: spreading untrue and misleading statements to employees of Biosuccess's U.S. subsidiary (¶ 25); attempting to induce Dr. Han to leave Biosuccess (¶ 25); and setting up a competing business by exploiting Biosuccess's intellectual property (¶ 37). This claim is also clearly not based upon misappropriation of a trade secret.

*Claims 9 and 10—Inducing Breach of Contract and Inducing Breach of Fiduciary Duty:* The Complaint alleges that Defendants Rich Pharmaceuticals, Imagic and RLC Holdings all induced Ben Chang and third parties Dr. Han and Richard Chang to breach their non-disclosure agreements and fiduciary duties of loyalty and confidentiality as an officer of Biosuccess, including by: attempting to induce Dr. Han to leave Biosuccess (¶ 25); and

offering them executive positions in exchange for their agreement to work with the entity defendants to exploit Biosuccess's intellectual property (¶¶ 28, 35, 37). This claim is clearly not based upon misappropriation of a trade secret.

*Claim 11—Conversion:* The Complaint alleges that Ben Chang accessed and deleted information on Biosuccess's computers without authorization (¶ 22), which itself is a wrongful act independent of trade secret misappropriation. *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1566 n.7 (1996) (characterizing unauthorized access of a computer as being "in the nature of a trespass").

*Claims 12 and 13—Conspiracy and Aiding and Abetting:* Defendants are liable for civil conspiracy and aiding and abetting because they agreed to a common plan or design to commit a tortious act and thereby harmed Biosuccess. Complaint, ¶ 25. Because none of the predicate torts that defendants conspired to commit—discussed above—depend on trade secret, these counts also are not preempted.

The facts critical to Biosuccess's common law claims are not the same as the facts necessary to prove its trade secret misappropriation claim. Should the Court decide otherwise, Biosuccess respectfully requests leave to amend to separately set forth additional allegations supporting these claims.

**B. It is premature for the Court to dismiss these claims on the basis of preemption.**

Some courts have held that it is premature to dismiss claims before first resolving the factual question of whether the information at issue qualifies as a trade secret under CUTSA. *See, e.g., Amron Int'l Diving Supply, Inc. v. Hyrdolinx Diving Commc'n, Inc.*, 2011 WL 5025178, *9-10 (S.D. Cal. Oct. 21, 2011) ("Defendants' motion to dismiss based on preemption cannot be addressed until it is determined whether the allegedly misappropriated

1  information constitutes a trade secret. At this point in the case, the status of
2  the information is merely a matter of allegation and until the distinction is
3  made between [plaintiff's] allegedly misappropriated trade secret information
4  and its confidential or non-confidential proprietary non-trade secret
5  information, the question of preemption should not be addressed."); *Think*
6  *Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 902337, *3 (N.D. Cal. Apr.
7  1, 2009) (granting motion for leave to file amended complaint, holding that
8  "[t]he Court finds no authority holding that CUTSA preempts common law
9  claims even if the confidential information is a protectible [sic] interest other
10 than a trade secret"); *Phoenix Techs. Ltd. v. DeviceVM*, 2009 WL 4723400,
11 *5 (N.D. Cal. Dec. 8, 2009) (ruling on motion to dismiss, distinguishing *K.C.*
12 *Multimedia*, and finding that because common law claims "are based on
13 Defendants' diversion and/or wrongful use of Plaintiff's 'Proprietary
14 Information,' as defined in the Agreement, these claims are not limited to
15 trade secrets and, thus, are not preempted").

### C. Biosuccess may plead inconsistent claims.

Although Biosuccess's common law claims do not rely upon the same facts as its trade secret claim as discussed above, the Federal Rules of Civil Procedure also permit a party to plead alternative theories of relief and inconsistent claims. Fed. R. Civ. P. 8(d)(3). Courts have agreed, refusing to dismiss inconsistent theories of liability. *MB Financial Group, Inc. v. United States Postal Service*, 545 F.3d 814, 819 (9th Cir. 2008) (noting that both contract and tort claims could go forward since "a plaintiff is generally entitled to plead alternative or multiple theories of recovery on the basis of the same conduct on the part of the defendant.").

Therefore, to the extent the Court finds that any of Biosuccess's common law claims are preempted by its claim for trade secret misappropriation under the CUTSA, the common law claims should stand as

alternative theories of relief to Biosuccess's trade secret claim and therefore, are not preempted. *See e.g.*, *In Terarecon, Inc. v. Fovia, Inc*., 2006 WL 1867734, *10 (N.D. Cal. July 6, 2006) (finding conversion claim was alternative theory to CUTSA claim). Biosuccess should therefore be permitted to pursue alternative theories of liability pursuant to Rule 8(d).

### D. Defendants' preemption argument contradicts their argument that the trade secret claim is insufficient.

Defendants' argument that Biosuccess's common law claims are preempted by its trade secret claim directly contradicts their argument that Biosuccess has not sufficiently stated a claim for trade secret misappropriation under the CUTSA. Under similar circumstances, one court has refused to find preemption at the pleading stage, holding that the defendants' argument that trade secret allegations are preempted by CUTSA contradicted their primary defense that the plaintiff's information did not constitute trade secrets. *Think Village-Kiwi*, 2009 WL 902337, *2 (N.D. Cal. Apr. 1, 2009) (citing *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 295 F.Supp.2d 430, 437 (D. Del. 2003)). As the court there concluded, "Defendants cannot have it both ways." *Id.*

## VI. Plaintiff's "Deletion" Claims Are Properly Pled.

### A. Plaintiff's claim for unlawful destruction of computer data is adequately pled.

California Penal Code Section 502 requires allegations that a defendant "[k]nowingly accesses and without permission adds, alters, damages, deletes, or destroys any data . . . which reside or exist internal or external to a computer, computer system or computer network." Cal. Penal Code § 502(c)(4). Biosuccess's Complaint explains that Ben Chang destroyed and erased all of the computer files in the Biosuccess system related to its U.S. operations. Complaint, ¶ 96. Although Defendants claim

1  that no further allegations were made (Mtn. at 9:21-24), this is not true. The
2  Complaint also alleges Ben Chang refused to preserve documents and emails
3  on his computer as requested by Biosuccess, and that he instead "erased the
4  entire contents of his work related computer, including deleting all emails."
5  Complaint, ¶ 22.

6  Biosuccess properly pleads a claim for violation of § 502. Biosuccess
7  has alleged that Ben Chang's deletion of files was against Biosuccess's
8  instructions, and therefore, without permission. *See Weingand v. Harland*
9  *Financial Solutions, Inc.*, 2012 WL 2327660, *4 (N.D. Cal. June 19, 2012)
10 (declining "at this early stage of the proceedings" to conclude that party's
11 "alleged conduct beyond his conditional access to [the] computer for the
12 purpose of obtaining files he did not have authority to access[,] is outside the
13 scope of § 502.").

14 **B.  Plaintiff's claim for trespass to chattels is adequately pled.**

15 Defendants contend that Biosuccess's claim for trespass to chattels
16 fails because the Complaint fails to put Ben Chang "on notice on what he is
17 being accused of."  Mtn. at 10:1-8. Again, Defendants are wrong. To state a
18 claim for trespass to chattels, a plaintiff need only allege: (1) defendant
19 intentionally and without authorization interfered with plaintiff's possessory
20 interest in the computer system; and (2) defendant's unauthorized use
21 proximately resulted in damage to plaintiff." *eBay, Inc. v. Bidder's Edge, Inc.*,
22 100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000) (citing *Thrifty-Tel, Inc. v.*
23 *Bezenek*, 46 Cal. App. 4th 1559, 1566 (1996)).

24 Biosuccess has pled that Ben Chang "intentionally and without
25 authorization interfered with Biosuccess's possessory interest" in its
26 computers and files by deleting files from his laptop. Complaint, ¶ 102. *See*
27 *also* Complaint, ¶¶ 22, 96. Moreover, Biosuccess has pled damages of a
28

1  result of Ben Chang's conduct. Complaint, ¶ 103. Therefore, Defendants'
2  motion to dismiss the trespass to chattels claim should be denied.

3  **LEAVE TO AMEND SHOULD BE GRANTED IF NECESSARY**

4  As explained above, Biosuccess believes its allegations are sufficient
5  on all claims. Nevertheless, Biosuccess requests leave to amend its
6  Complaint to the extent necessary to address any deficiencies identified by
7  the Court. The Ninth Circuit has "repeatedly held that a district court should
8  grant leave to amend even if no request to amend the pleadings is made,
9  unless it determines that the pleading could not possibly be cured by the
10 allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
11 (citations and internal quotation marks omitted).

12                              **CONCLUSION**

13 For the foregoing reasons, the Court should deny Defendants' Motion
14 to Dismiss the Complaint in its entirety.

15

16 Dated: April 14, 2014                    LEE TRAN & LIANG LLP

17                                          By: */s/ Enoch H. Liang*
18                                              Enoch H. Liang
                                                Heather F. Auyang
19                                              Lisa J. Chin
20                                              Attorneys for Defendant
                                                Biosuccess Biotech Co., Ltd.
21

22

23

24

25

26

27

28