Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Defendants
RICH PHARMACEUTICALS, INC,
IMAGIC, LLC, RICHARD L. CHANG
HOLDINGS, LLC, and BEN CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Biosuccess Biotech, Co. Ltd.**,<br><br>Plaintiff;<br><br>v.<br><br>**Rich Pharmaceuticals, Inc.,** a Nevada Corporation formerly known as Nepia, Inc., **Imagic, LLC**, a California LLC**, Richard L. Chang Holdings, LLC**, a New Jersey LLC**, Ben Chang,** an individual**, and Does 1** through **10**, inclusive,<br><br>Defendants. | **Case No. 2:14-cv-00310 JAK (ANx)**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6)**<br><br>Date: June 28, 2014<br>Time: 9:00 a.m.<br>Courtroom: 750 – 7th Floor<br>Before: The Hon. John A. Kronstadt |

## INTRODUCTION

What is the Court to do under Rule 12(b)(6) when the Complaint makes no effort to separate Defendants, makes multiple vague, broad, and premature patent claims, and is self-defeating in its purported claim for copyright infringement? Under state law, what is the Court to do when tort claims are preempted by the poorly pled (and again premature) purported trade secret misappropriation claims? The answers are simple: Under applicable law, the lack of notice to Defendants is a violation of Rule 8 and its related case law; therefore, this new (and wholly premature) suit by Plaintiff Biosuccess Biotech, Co., Ltd. ("Biosuccess") should be dismissed for failure to state a claim upon which relief can be granted. The trial (in Case No. 2:13-CV-01340 entitled "Richard Chang v. Biosuccess Biotech") will be completed even before this motion is heard; and it should resolve all issues between the parties as to ownership of the patent rights by Dr. Richard Chang. It will moot this suit. Accordingly, the Court should dismiss this action without leave to amend.

## ARGUMENT

**I.  PLAINTIFF'S IMPROPER TREATEMENT OF ALL PARTY DEFENDANTS AS THE SAME NECESSITATES DISMISSAL OF THE CLAIMS AS ALLEGED.**

Plaintiff improperly groups all Defendants—Rich Pharmaceuticals, Inc., Imagic, LLC, Richard L. Chang Holdings, LLC, Ben Chang (collectively, "Defendants")—together in multiple allegations regarding infringement, direct or otherwise, in violation of post-Iqbal/post-Twombly Federal Rules practice; indeed, in its Opposition, Plaintiff fails to provide any authority for the improper grouping of **all** Defendants in a single broad allegation encompassing direct and equivalents infringements. This failure requires dismissal of the patent infringement claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). As a matter of law, it is never sufficient to allege multiple forms of patent infringement against multiple

Entrepreneur Law Group LLP

defendants **in a single generic allegation**. Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Thus, the Court should grant the motion to dismiss.

## II.  PLAINTIFF COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED.

For at least five reasons, the Court can and should dismiss the copyright claim as a matter of law. **First**, Plaintiff's own chart purportedly showing infringement defeats the motion: nowhere it is alleged that the purported work is a compilation with non-protectable elements arising to overall copyrightable status. "Trivial elements of compilation and arrangement, of course, are not copyrightable since they fall below the threshold of originality." U.S. v. Hamilton, 583 F.2d 448, 451 (9th Cir. 1978).

**Second**, even if it *were* such a protectable compilation, dismissal would *still* be appropriate. In such cases of "thin" compilation copyrights, the copied work must be "identical" or "virtually identical" to the purported "original." Apple Computer v. Microsoft Corp., 35 F.3d 1435–39 (9th Cir. 1994). Yet, here, the Complaint itself admits that the websites in question are neither identical nor virtually identical:

| **Biosuccess Website** | **Rich Pharmaceuticals Website** |
|---|---|
| Founded in 2005, Biosuccess Biotech, Co. Ltd. is a privately held company. It focuses on the development of PD-616 (12-O-tetradecanoylphorbol-13-acetate, also know as TPA) for the treatment of AML and AIDS/HIV. <u>The work of two scientists, Prof. Richard Chang & Prof. Zhang Tao Han sustained by their knowledge of this agent's characteristics and their wide experience of years is the basis for the company's interest in using PD-616 in treatment.</u> | Rich Parmaceuticals is a biopharmaceutical company that became a public entity August 26, 2012 as a result of a reverse merger with Nepia Inc. The Company is focused on the development of its lead product TPA (12-O-tetradecanoylphorbol-13-acetate), for the treatment of acute myelogenous leukemia (AML) in refractory patients, and the reversal of physical disabilities resulting from stroke. The basis for the interest of the Company to pursue clinical development of TPA in these and possibly other indications is the <u>result of the work of two scientists, Prof. Richard Chang and Prof. Zhang Tao Han. Both</u> |

Entrepreneur Law Group LLP

|  | have conducted research on TPA for manty years and have become experts in the characteristics of this molecule. Their findings form the scientific basis for the clinical use of TPA. |
|---|---|

Complaint at ¶ 41 (emphasis in orginial).

**Third**, when similarity is trivial, the claim is subject to dismissal. Because the works are not "identical" or "virtually identical," then, as the Ninth Circuit instructs in Apple v. Microsoft, similarities are trivial, and this case is appropriate for dismissal on *de minimis* grounds. Biosuccess fails to identify a single sentence that is the same, word for word, between the two websites, and each of the cited similarities describes only bare (and unprotectable) scientific facts. By clear comparison, significant differences appear in areas which might arguably be protectable such as the color scheme, use of images, deployment of white space and page layout; this all results in a different "look and feel" of layout and interface. The printout which Biosuccess provides (as Exhibit A) splits the accused site page into two separate documents, obscuring the effect of heavy grey-and-orange sitemapping and resources bar, which is just one of many significant different elements between the two works. Compl. Ex. A. Conceding that its copyright is thin, if applicable at all, Biosuccess did not deny the truth of the argument, that the two works have significant differences, because it cannot. See Compl. pp. 9–12 (table). Even assuming *arguendo* that Biosuccess' compilation (of mostly unprotected scientific facts) arises to a protectable compilation (which it does not), unless the accused work is identical as to protected expression, the non-identical similarities in unprotected scientific facts in the compilation is trivial as a matter of law under Hamilton. Put differently, no one owns facts; they are in the public domain and certainly no one owns the scientific facts in the public domain.

**Fourth**, because Biosuccess cannot change the fact that there are differences between the accused work and its claimed copyrighted work, it cannot plead around this fatal defect in its copyright claim. It is well within the power of the Court to

determine questions of substantial similarity on a motion to dismiss where such issues can be determined as a matter of law. See Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007). In Zella, the Court dismissed a copyright infringement claim on the basis of publicly available television shows, reaching beyond the pleadings. Here, the Court does not need to review publicly available websites as the lack of infringement is clear as a matter of law from Plaintiff's own allegations—and unmutably so, from examination of the works themselves. The claim can be dismissed, and without leave to amend.[1]

**Fifth**, there is no good reason to allow amendment because the facts and evidence are all present before the Court and the Court has the power and should exercise it to carry out the function of Rule 1 of the Federal Rules. Nothing would be served by allowing a copyright claim where nothing copyrightable is copied.

### III. THE RADE SECRET MISAPPROPRIATION AND ITS ASSOCIATED DEPENDENT CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW.

#### A. Plaintiff's Conclusory Statement of Trade Secrecy and of Misappropriation Must Be Rejected and Should Be Dismissed.

To argue that it adequately pled trade secret misappropriation, Plaintiff cites one-half of one sentence; in paragraph 20 of the Complaint. What are the trade secrets? Do each have, in fact, any economic value? What gives them economic value? How were they misappropriated? By whom? When? How? With what lost sales or other harm or damage to Plaintiff? One short, vague and general sentence fails to answer any of these questions and it certainly is not sufficient as a matter of law and federal procedure to support a claim or to put the Defendants on notice of

---

[1] For the first time, Plaintiff has provided a copy of the copyright application and a specific date when it was applied for, but no statement regarding whether full disclosure had been made to the U.S. Copyright Office, nor what the decision or other response has been from the Copyright Office. While an amendment adding that application (and all facts) is one step towards a cure of just one of the defects noted in Defendants' moving papers, there is no need for the Court to allow the amendment in light of the need to dismiss as a matter of law as described herein.

Entrepreneur Law Group LLP

what they are being brought into Court to defend. <u>Iqbal</u>, 129 S. Ct. at 1949. The trade secret claim should be dismissed for failure to meet this basic requirement.

### B. **Dismissal is Required Based on Statutory Preemption.**

Demonstrating the need for dismissal, Plaintiff for the first time cites a number of its general allegations to support of its various tort claims that, in their own descriptions of purported conduct, **explicitly** rely upon trade secret claims. <u>See</u> Complaint, Dkt. #3, Breach of fiduciary duty, ¶79, 80, 86 ("trade secrets"), unfair competition, ¶86 ("misappropriation of Biosuccess' trade secrets"), Inducing breach of contract, ¶105, 107 ("trade secrets"), Inducing breach of fiduciary duty, ¶114 ("trade secrets"), conversion, ¶119–122 ("trade secrets"), conspiracy, ¶125 ("trade secrets"), aiding and abetting, ¶131–33 ("trade secrets").

Plaintiff's attempt to use its own inadequate description as a defense against preemption by suggesting dismissal is premature, is both wrongful and defeated by its own pleading. While Defendants do not know what "trade secrets" Plaintiff is referring to, the fact that the actual words "trade secrets" are used in each of these claims proves as a matter of law that such claims are based on California statutory Uniform Trade Secret Act and therefore subject to statutory preemption as a matter of law. <u>AccuImage Diagnostics Corp. v. Terarecon, Inc.</u>, 260 F. Supp. 2d 941, 953–54 (N.D. Cal. 2003); <u>see also</u> <u>K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.</u>, 171 Cal. App. 4th 939, 954 (2009); <u>Digital Envoy, Inc. v. Google, Inc.</u>, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005).

Similarly, any argument that the torts are alternate theories is also defeated by the allegations of the Complaint that show those claims are all based on the same theory, namely trade secret misappropriation under the California Uniform Trade Secret Act. California's statutory provisions abolish common law trade secret misappropriation, along with all common law torts based on the same. <u>See</u> Cal. Civ. Code §3426.7 (2014).

*Entrepreneur Law Group LLP*

Biosuccess admits, as it must, that more recent decisions are contrary to allowing claims based on misappropriation of so-called "confidential information" that do not meet the standard for protectability as a trade secret. Opp. 9:28–10:2 (*citing generally* SunPower Corp. v. SolarCity Corp. 2012 U.S. Dist. LEXIS 176284 (N.D. Cal. Dec. 11, 2012).

Biosuccess' argument that its common law claims are not preempted because they are based upon the taking of alleged "confidential" payroll information which is merely confidential, but not trade secret, information reduces its common law claims to trivialities. Biosuccess says the bad act that led to its claims was the taking of "trade secret and confidential information, including the company's payroll information, now not preempted if one discounts all but the merely confidential payroll information." Opp. 9:17-20, 11:11–16 (*citing* to Complaint, ¶25 in support of non-preemption of all common law claims). In the alleged taking of this payroll information, on Biosuccess' "information and belief," Defendants are each supposed to have breached fiduciary duties, competed unfairly under Section 17200, competed unfairly at common law, induced breach of contract, induced breaches of fiduciary duty, converted this "property," or conspired or aided and abetted each other in doing so. This at best is claim fabrication; it is precisely what the preemption doctrine under the California Uniform Trade Secret Act was meant to abolish – trivialization of required elements to allow of a statutory claim.

Moreover, Biosuccess is supposed to have "suffered damages" or "harm" warranting relief merely from Defendants" having taken this ***confidential-but-not-trade-secret payroll information*** (discounting, on its own theory of non-preemption, the alleged taking of any additional ***and*** trade secret information). See, e.g., Compl., ¶90 (alleging Biosuccess has suffered "**irreparable harm**" from the taking of this payroll information), 103, 116, 122, 128, 133. What harm?

Entrepreneur Law Group LLP

Other allegations giving rise to preempted common law claims are supposed to be "spreading untrue and misleading statements to U.S. subsidiary employees, attempted to induce Dr. Han to leave, and setting up a competing business by exploiting intellectual property" and "deleting emails and computer files" Opp. 10:11–15, 10:28–11:3 ("bad acts" in ¶¶22, 25, 37 support "breach of fiduciary duty," conspiracy, and aiding and abetting), 10:19–22 ("bad acts" in ¶¶25 and 37 support "unfair competition"). Demonstrably, even if these allegations were true, which they are not, can each of these allegations be a trade secret misappropriation claim against each and every defendant when no economic value or loss is alleged:

  1. As to attempted solicitation of Dr. Han and executives, soliciting employees is supposed to have been a trade secret misappropriation. Compl. ¶¶25, 28, 36.

  2. As to making statements about the financial status of Biosuccess, knowing they were untrue because of insider access to financial information, access to and use of such financial information (except payroll information) is supposed to have been trade secret misappropriation. Compl., ¶¶ 35, 36.

  3. As to accessing and deleting information from Biosuccess' computers, taking this information (except payroll information) in the manner of deleting is supposed to have been trade secret misappropriation, and its loss gives rise to irreparable harm because it is a trade secret. Compl., ¶¶16–24

  4. As to the attempted inducement of Dr. Han to take research and data, this was wrongful and harmful because that information (except payroll information) is supposed to have been trade secret. Compl. ¶¶16–24.

  5. As to exploiting intellectual property, that intellectual property (except payroll information) is supposed to have been trade secret. Compl. ¶¶16–24.

  The Court should find that these claims are preempted because not only are they reduced to a triviality if they are based upon (somehow) non-preempted

"confidential-but-not trade-secret payroll information") but also because aligning with the growing body of California preemption law which veers away from this version of non-preemption does so in order to serve strong public policies in California, notably, "California's strong public policy of protecting the right of its citizens to pursue any lawful employment and enterprise of their choice." Dowell v. Biosense Webster, Inc., 179 Cal. App. 4th 564, 575 (2009); see, e.g., BUS. & PROF. CODE § 16600.

Here, for example, one Defendant is an individual (Ben Chang), and if granted, these claims would affect his ability to practice his profession—something strongly discouraged as a matter of established public policy under California law. This Court should reduce the burdens placed on Defendants—each of them—by dismissing claims that are preempted by the Complaint itself.[2]

Based on the direction of California's preemption decisions, it is therefore also appropriate for this Court to find that the common law claims are preempted, because even if the Court were to find that the predicate acts for the tort claims involved information not confidential but trade secret, that theory of liability is rejected in favor of strong and important California's public policies which put employee mobility (and freedom of salary and other information) ahead of any possible employer interest to assert tort claims. See, BUS. & PROF. CODE § 16600.

### IV. PLAINTIFF'S ALLEGED "DELETION" CLAIMS SHOULD ALSO BE DISMISSED.

Vague and conclusory allegations do not and cannot support any valid claim for relief, and the claims that Mr. Ben Chang "deleted" data are exactly such conclusory claims.

In its Opposition, Plaintiff failed to provide any explanation or cite any statement in the Complaint as alleged that was anything other than conclusions that

---

[2] In the alternative, Defendants hereby move to strike (and this Court should order the striking of) each and every one of the allegations cited in support of these common law claims which are preempted by any trade secret claim. Plaintiff cannot rely upon trade secret law to bolster claims that are otherwise preempted.

data was deleted. In the moving papers, Defendants asked specific questions and noted specific things missing, namely:

* When did Mr. Chang perform this purported deletion? Of what files?

* If the deletion was pre-termination, where are the notices or policies from Biosuccess barring its employees from deleting the specific data in question?

* Or is Plaintiff suggesting that Mr. Chang was not allowed to delete **any files at all** from his work computer?

None of these questions are answered, no answers are even attempted, and no answers are expressed or even inferred by the Complaint; therefore, the Seventh and Eighth "Causes of Action" should also be dismissed and with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion to dismiss and dismiss Plaintiff's Complaint with prejudice. It is clear that this is simply a redundant and premature suit designed to coerce the Chang family to defend another meritless action and one that will be completely mooted by the outcome of the trial set for June 2014 before this Court—less than 60 days away—and perhaps earlier if the Court grants summary judgment (and/or even just summary adjudication that the October 2006 Agreement is controlling) to Mr. Richard Chang following the hearing set for April 21, 2014 before this Court.

Dated: April 21, 2014

Respectfully submitted,
ENTREPRENEUR LAW GROUP LLP

By:     /s/ Jack Russo
Jack Russo
Christopher Sargent
Attorneys for Defendants