LEE TRAN & LIANG LLP
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Plaintiff
Biosuccess Biotech, Co., Ltd.

ENTREPRENEUR LAW GROUP LLP
Jack Russo (SBN 96068)
Christopher Sargent (SBN 246285)
401 Florence Street
Palo Alto, CA 94301
Tel: (650) 327-9800
Facsimile: (650) 618-1863

Attorneys for Defendants RICH
PHARMACEUTICALS, INC., IMAGIC, LLC,
RICHARD L. CHANG HOLDINGS, LLC, and
BEN CHANG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOSUCCESS BIOTECH, CO., LTD., | Case No. CV14-00310 JAK (ANx) |
| Plaintiff, | Hon. John A. Kronstadt |
| v. | **JOINT RULE 16(b) REPORT** |
| RICH PHARMACEUTICALS, INC., a Nevada Corporation formerly known as Nepia, Inc., IMAGIC, LLC, a California LLC, RICHARD L. CHANG HOLDINGS LLC, a New Jersey LLC, BEN CHANG, an individual, and DOES 1 through 10, inclusive, | Date:       May 12, 2014<br>Time:       8:30am<br>Courtroom: 750 |
| Defendants. | |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure and the Court's March 20, 2014 Order Setting Rule 16(b) Scheduling Conference (Dkt. No. 25), Plaintiff Biosuccess Biotech, Co. Ltd. ("Biosuccess" or "Plaintiff") and Defendants Rich Pharmaceuticals, Inc., IMAGIC, LLC, Richard L. Chang Holdings LLC, and Ben Chang (collectively, "Defendants") submit this Joint Report in the above-referenced action.  The parties, through their counsel, conferred regarding the matters addressed herein starting on April 28, 2014 and continuing through May 2.

## A.      <u>STATEMENT OF THE CASE</u>

**<u>Plaintiff Biosuccess's Statement:</u>**  Biosuccess is a pharmaceutical research and development company that is working on a promising method for treating serious conditions such as leukemia, HIV/AIDS, and stroke.  Biosuccess has spent nearly a decade conducting medical research and development, painstakingly gathering data and other confidential information as the result of investing—and risking—valuable time and resources.

Defendant Ben Chang and his father, Richard Chang, have taken Biosuccess's valuable intellectual property and through a series of transactions (including with their other two defendant companies IMAGIC, LLC and Richard L. Chang Holdings LLC), given it to their competing entity, defendant Rich Pharmaceuticals. Biosuccess filed this action to hold Defendants accountable for their unlawful actions that threaten to destroy not only Biosuccess's business, but the medical progress it has made over the years. Biosuccess holds the patent rights to U.S. Patent No. 6,063,814, titled "Phorbol esters as anti-neoplastic and white blood cell elevating agents" and related intellectual property.

The Complaint asserts thirteen causes of action, including:  (1) patent infringement; (2) copyright infringement; (3) misappropriation of trade secrets; and (4) breach of fiduciary duty.  Defendants have not yet answered the Complaint.  On April 2, 2014, Defendants moved to dismiss the Complaint for failure to state a claim (Dkt. No. 30).  The briefing is completed and the hearing date for the motion

is set for May 12, 2014, at the same time as the Scheduling Conference.

**Defendants' Statement:** Professor Richard Chang has worked on TPA/Phorbol Esters for over 30 years. He has given and conducted numerous talks, research, and published many papers on the subject, and was doing so well before his time with Biosuccess. This is now the fourth case between a very similar set of parties regarding, essentially, ownership of the US Patent No. 6,063,814 and related patent and patent application family (collectively the "**'814 Patent Portfolio**"). In August 2006, Richard L. Chang signed an agreement with Biosuccess, executed by Biosuccess' President and Chairman of the Board, Chi-Ming (Fred) Wu, which assigned Richard Chang's interest in the '814 patent to Biosuccess. In October 2006 (though Biosuccess takes the position that while the Agreement is dated 2006, it was actually executed in 2011), Richard Chang signed a second agreement, incorporating and superseding any previous agreements which required Biosuccess make certain payments to Professor Richard Chang in exchange for his interest in the '814 Patent. Biosuccess has admitted in deposition testimony in the Related Cases that Richard Chang did not receive the required consideration, which would negate any right Biosuccess has to the '814 Patent, obviating its patent infringement claims and damages in this case. Biosuccess terminated Richard Chang along with his son, Defendant Ben Chang, in January 2013. Having not received the benefit of his agreement with Biosuccess, and his relationship being terminated by Biosuccess, Professor Richard Chang retained his interest in the '814 Patent, and made other arrangements to help the multitudes that may benefit from his research.

Defendant Ben Chang is the Chief Executive Officer of Defendant Rich Pharmaceuticals, Inc. ("RPI"), to whom the '814 Patent has now been assigned to further Professor Chang's research and fulfill the Phase II and III clinical trials and FDA approval that Biosuccess was never able to achieve.

Defendants believe, due to Biosuccess' own failures and breaches of contract, that it is no longer a functioning company and that none of its claims in this case

2

have merit. All research was done or overseen by Professor Chang or Ben Chang in their respective capacities as officers of Biosuccess, and Biosuccess is now trying to assert claims against a party it terminated on intellectual property it does not own, for actions for which there is no basis to bring such claims.

**B.    SUBJECT MATTER JURISDICTION**

**Plaintiff Biosuccess's Statement:**   Biosuccess contends that the Court has underlying subject matter jurisdiction over this action pursuant to 35 U.S.C. Section 1 *et seq*, 28 U.S.C. Section 1338, 17 U.S.C. Section 301(a), and 28 U.S.C. Sections 1331 and 1338(a).  This Court has supplemental jurisdiction over the other claims asserted in the Complaint pursuant to 28 U.S.C. Section 1367.

**Defendants' Statement:**  Defendants agree that to the extent Biosuccess' claims are valid, which Defendant's contend they are not, this Court has subject matter jurisdiction.

**C.   LEGAL ISSUES**

The parties are not aware of any unusual legal issues in this action. For the key legal issues, please *see* Paragraph A, Statement of the Case.

**D.    PARTIES AND NON-PARTY WITNESSES**

The parties have identified the following parties and percipient witnesses on the main issues in this case known to the parties at this time:

1.    Ben Chang
2.    Richard Chang
3.    Tsailing Chang
4.    Rich Pharmaceuticals, Inc.
5.    IMAGIC, LLC
6.    Richard L. Chang Holdings LLC
7.    Biosuccess Biotech Co., Ltd.
8.    Fred Wu

**JOINT RULE 16(b) REPORT**
**Case No. CV14-00310 JAK (ANx)**

1        9.    Zheng Tao Han

2 **E.**    **DAMAGES**

3      **Plaintiff Biosuccess's Statement:**  Biosuccess's position is that this case has

4 just begun and discovery has not yet started.  Biosuccess reserves the right to assert

5 specific damages claims as discovery progresses.  However, at this time, Biosuccess

6 believes that if Defendants are not stopped from their infringing activities, the entire

7 amount of money that Biosuccess has invested since 2006—over $8 million—will

8 be forfeit.

9      **Defendants' Statement:**    Despite the early stage of this litigation,

10 significant discovery, pleading, and motion practice has taken place in the action

11 before this Court as well (Case No. 2:13-cv-01340 JAK (ANx) (the "<u>1340 Case</u>").

12 In the 1340 Case, parties have entered testimony that leads Defendants to believe

13 that Biosuccess is not a functioning company, has never completed Phase II trials of

14 the TPA compound, has failed to pay its employees in violation of California Labor

15 Laws, and, due to its breaching various assignment agreements, is not the owner of

16 the intellectual property rights asserted in this case. It is therefore Defendants'

17 position that there can be no damages, and certainly no damage assessment at this

18 time. Indeed, it is Defendants' position that there have been no FDA approvals, no

19 release of any product, and no revenues nor any profits and, indeed, no

20 infringement.

21

22 **F.**    **INSURANCE**

23      **Plaintiff Biosuccess's Statement:**  Biosuccess is not aware of any insurance

24 coverage that is relevant to this action.

25      **Defendants' Statement:** Defendant RPI's insurer denied coverage; otherwise

26 defendants are not aware of any insurance coverage relevant to this action.

27

28

4

**G.    MOTIONS**

**Plaintiff Biosuccess's Statement:**   Biosuccess is considering whether to amend the Complaint to add additional claims, and potential additional parties, and expects to make that determination early in discovery so as not to affect any deadlines set by the Court.

**Defendants' Statement:** Defendants anticipate filing a Motion to Stay this action pending the outcome of the 1340 Case, currently set for trial on June 17, 2014.

**H.    MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case, and that the procedures of the Manual For Complex Litigation should therefore not be used.

**I.    STATUS OF DISCOVERY**

The parties agree that they will exchange their Initial Disclosures pursuant to Rule 26(a)(1), F.R.Civ.P., on May 9, 2014.   The parties anticipate that they will initiate formal discovery promptly.

**J.    DISCOVERY PLAN**

**1.    Depositions.**

At this preliminary stage of the case, Biosuccess intends to at least depose Ben Chang, Richard Chang, and three (3) non-parties. The parties expect that each of these depositions could normally be completed within seven hours.

The parties' investigations and discovery are in their early stages, and they reserve the right to depose additional parties or non-parties if and when warranted by the facts and circumstances of the case.   Nonetheless, the parties agree that the limit of 10 depositions each, as provided by Rule 30, F.R.Civ.P., is sufficient. The parties further agree that the time set forth in Schedule A should be sufficient to

5

complete fact discovery, including all depositions that might reasonably be required in this action.

**2.      Written Discovery.**

The parties anticipate that they will seek discovery by way of interrogatories, document requests and requests for admission to be served such that responses are due before the deadline for completion of fact discovery.  The parties agree that a limit of 25 interrogatories, as provided by Rule 33, F.R.Civ.P., is sufficient.

**3.      Subjects Of Discovery.**

Plaintiff believes that discovery will be taken on the following subjects:

a.      The relationship between Biosuccess and Defendants;

b.      What Defendants have done with Biosuccess's confidential information and intellectual property;

c.      Defendants' business dealings, including representations made to third parties and investors.

It is Defendants' position that discovery in this case should be stayed and its scope determined by the outcome in the 3140 Case.

The parties do not believe that discovery concerning these subjects should be conducted in a phased or limited manner.

**4.      Other Orders.**

The parties are willing to stipulate to entry of the same protective order from the 3140 Case in this case.

**K.      DISCOVERY CUT-OFF**

The parties have submitted their proposals for completion of fact discovery in Schedule A.

6

**L.      EXPERT DISCOVERY**

The parties have submitted their proposals for completing expert discovery in Schedule A.

**M.      SUMMARY JUDGMENT AND MOTIONS IN LIMINE**

**Plaintiff Biosuccess's Statement:**  Biosuccess cannot anticipate which issues may be resolved through summary judgment at this stage of the proceedings.

**Defendants' Statement:** Defendants' position, based on discovery between similar parties in the Related Cases, is that the issue of patent ownership—and therefore infringement—and all related claims can be decided on summary judgment, thereby significantly streamlining this case. Defendants also believe that this case can be narrowed following the outcome of trial in the 1340 Case, currently on calendar for June 17, 2014, as well as the Motion to Dismiss set for hearing on May 12, 2014.

The parties agree that it is premature to identify what, if any, issues in this case may be the subject of motions *in limine*.

**N.      SETTLEMENT**

No settlement discussions have taken place between the parties regarding this case.  Pursuant to Local Rule 16-15.4, the parties believe that ADR Procedure No. 3 (private mediation) is most appropriate for this matter.

**O.      TRIAL ESTIMATE**

Biosuccess has requested a jury.  Biosuccess anticipates that it will call 3-5 fact witnesses to testify at trial.  Defendants anticipate that they will call 3-5 fact witnesses to testify at trial.  The parties estimate that trial will take five (5) to seven (7) court days.  Counsel will discuss in detail the reasons at the Scheduling Conference.

7

**P.      TRIAL COUNSEL**

Attorneys for Biosuccess:

Enoch H. Liang

Kevin Bringuel

Heather F. Auyang

Lee Tran and Liang LLP


Attorneys for Defendants:

Jack Russo

Christopher Sargent

Entrepreneur Law Group LLP


**Q.      INDEPENDENT EXPERT OR MASTER**

The parties do not believe that this is a case in which the Court should consider appointing a Master or an independent scientific expert.


**R.      TIMETABLE**

*See* attached Schedule A. However, Defendants may seek to modify the dates suggested in Schedule A pending the outcome of trial in the 1340 Case. It is Defendants' position that discovery prior to completion of trial in that case is premature, as it will lead to a significant narrowing of claims, legal issues, and discovery in this case.


**S.      OTHER ISSUES**

**Plaintiff Biosuccess's Statement:**  English is not the first language of some of the witnesses in this action, which may result in a longer trial.  Some of the witnesses who may be deposed in this action are located in Asia.  In addition, the parties anticipate that some of the documents that will be produced in this action are

8

in Chinese, which will require translation and may delay the scheduling of depositions after documents are produced.

There are a number of related federal cases set forth below in the order they were filed. Resolution of some issues in these cases could affect issues in this case.

**February 2013:** *Richard L. Chang v. Biosuccess Biotech Co., Ltd.,* Case No.: 2:2013-cv-01340 JAK (ANx) Unites States District Court, Central District of California, first filed on February 2013; **trial before this Court is set for June 17, 2014**.

**January 2014:** *Ben Chang v. Biosuccess Biotech, Co. Ltd., a Cayman Islands Corporation, Biosuccess Biotech, Co. Ltd., a Nevada Corporation, Chi-Ming Wu a/k/a Fred Wu, and Zheng Tao Han,* Case No.: 5:14-cv-00425-LHK, United States District Court, Northern District of California, first filed on January 2014 in Santa Clara County Superior Court (Case No. 114-cv-258568).

**January 2014:** *Richard Chang v. Zheng Tao Han*, *Chi-Ming Wu a/k/a Fred Wu*, *Biosuccess Biotech, Co. Ltd., a Cayman Islands Corporation, and Biosuccess Biotech, Co. Ltd., a Nevada Corporation,* Case No.: 5:14-cv-00426-EJD, United States District Court, Northern District of California, first filed on January 2014 in Santa Clara County Superior Court (Case No. 114-cv-258570).

**January 2014:** *Biosuccess Biotech, Co., Ltd. v. Rich Pharmaceuticals, Inc.*, *IMAGIC, LLC, Richard L. Chang Holdings LLC, and Ben Chang,* Case No.: CV14-00310-PA(JCGx), Unites States District Court, Central District of California, filed January 2014.

**Defendants' Statement:** Defendants do not foresee any further issues at this time.

9

## T.     **PATENT CASES**

The parties jointly propose the following procedure and deadlines for the *Markman* hearing in this action:

| Event | Joint Proposal[1] |
|---|---|
| Parties to exchange proposed terms for construction | September 8, 2014 |
| Parties to Exchange preliminary claim construction and extrinsic evidence | September 23, 2014 |
| Joint claim construction and prehearing statement | October 20, 2014 |
| Completion of Claim Construction Discovery | November 10, 2014 |
| Opening Claim Construction Brief | December 3, 2014 |

---

[1] Defendant's position is that the contemplation and scheduling of these matters is premature and that the ownership of the patent-in-suit is a gatekeeping issue to be decided before any subsequent hearings on claim construction. Defendants' suggested dates assume that trial in the 13CV-01340 case has been completed as currently scheduled.

10

| | |
|---|---|
| Responsive Claim Construction Brief | December 18, 2014 |
| Reply Claim Construction Brief | January 9, 2015* |
| *Markman* Hearing | February 9, 2015* |

*Defendant's position is that the contemplation and scheduling of these matters is premature and that the ownership of the patent-in-suit is a gatekeeping issue to be decided before any subsequent hearings on claim construction. Defendants' suggested dates assume that trial in the 13CV-01340 case has been completed as currently scheduled.

**U.    CONSENT TO TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial before a Magistrate Judge.

Respectfully submitted:

Dated:  May 2, 2014                 **LEE TRAN & LIANG LLP**

By:  /s/ Enoch H. Liang
Enoch H. Liang
Attorneys for Plaintiff
BIOSUCCESS BIOTECH, CO., LTD.

Dated:  May 2, 2014                 **ENTREPRENEUR LAW GROUP LLP**

By:  /s/ Jack Russo
Jack Russo
Attorneys for Defendants
RICH PHARMACEUTICALS, INC. ET AL.

11

## EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No.: | 2:14-cv-00310-JAK-AN |
|---|---|
| Case Name: | Biosuccess Biotech, Co., Ltd. v. Rich Pharmaceuticals, Inc., et al. |

| Hearings: | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| [ ] Jury Trial [ ] Court Trial: (**Tuesday at 9:00 a.m.**) Duration Estimate: ____ Days / ____ Weeks | | 5-7 Days 6/15/15 | 5-7 Days 6/15/15 | |
| Status Conference re Exhibits: (**Friday at 3:00 p.m.**) *(Friday before the trial date)* | | 6/12/15 | 6/12/15 | |
| Final Pretrial Conference: (**Monday at 3:00 p.m.**) *(Two weeks before the trial)* | | 6/1/15 | 6/1/15 | |

| Deadlines: | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motions (not file) | 8 | 4/20/15 | 4/20/15 | |
| Expert Discovery Cut–Off | 8 | 4/20/15 | 4/20/15 | |
| Expert Disclosure (Rebuttal) | 10 | 4/6/15 | 4/6/15 | |
| Expert Disclosure (Initial) | 12 | 3/23/15 | 3/23/15 | |
| Non–Expert Discovery Cut–Off | 14 | 3/9/15 | 3/9/15 | |
| Last Date to Add Parties/Amend Pleadings | | 9/22/14 | 9/22/14 | |

| Settlement Procedure Selection: *(ADR–12 Form will be completed by Court after scheduling conference)* | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non–Judicial (Private) | 3 | 2, 3 | |
| Last day to conduct settlement conference/mediation | | | |
| Post Mediation Status Conference: (**Monday at 1:30 pm**) *(14 days after the last day to conduct settlement)* | | | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | | |

Revised as of 08/28/13 −8−